|,FITZSIMMONS, J.
Mr. James F. Silvio, Jr. filed suit for lost wages pursuant to La. R.S. 15:574.10. The trial court granted summary judgment in favor of defendants, the State of Louisiana and the Louisiana Parole Board, and dismissed Mr. Silvio’s suit with prejudice. Mr. Silvio appealed. We affirm.
The parole board revoked Mr. Silvio’s parole on December 3, 1992, retroactive to August 18, 1991, because he had been arrested and convicted of a new felony. See La. R.S. 15:574.10. On appeal to the Second Circuit, Court of Appeal, this new conviction was reversed on August 25, 1993. On August 16, 1994, Mr. Silvio filed suit for lost wages caused by the revocation of parole, and his incarceration. The defendants filed a motion for summary judgment. Defendants argued that the La. R.S. 15:574.10 claim for lost wages was applicable only to revocations after the effective date of the statutory provision. The district court agreed.
A 1993 amendment to La. R.S. 15:574.10 provided that .“[i]n the event of a successful appeal of the new conviction or sentence, the state shall be liable for any loss of income sustained by the defendant due to such revocation of parole.” The amendment was effective August 15,1993.
The parties agreed that the 1993 amendment is substantive, and may be applied prospectively only. Thus, defendants asserted, the 1993 amendment could not be applied to the revocation that pre-dated the amendment. Mr. Silvio, however, argued that his cause of action did not arise until the date of the reversal on appeal of the new conviction, August 25, 1993. Because his cause of action arose after the effective date of the 1993 amendment, Mr. Silvio argued that he had a claim for lost wages.
The threshold issue is not when Mr. Silvio’s cause of action arose. The initial question must be whether application of the amendment to La. R.S. 15:574.10 to a revocation predating the amendment would be impermissibly retrospective. If this question is answered in the affirmative, the issue of when the cause of action arose need not be decided.
“The presumption against statutory retroactivity has consistently been explained by reference to the unfairness of imposing new burdens on persons after the fact.” Landgraf v. USI Film Products, 511 U.S. 244, 270, 114 S.Ct. 1483, 1500, 128 L.Ed.2d 229 (1994). Thus, “familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.” Landgraf, 511 U.S. at 270, 114 S.Ct. at 1499, 128 L.Ed.2d 229. The proper inquiry becomes “whether it would impair rights a party possessed when he acted, increase a party’s liability for past |3conduct, or impose new duties with respect to transactions already completed.” Landgraf, 511 U.S. at 280, 114 S.Ct. at 1505, 128 L.Ed.2d 229. Does the new statute attach
new legal consequences to events completed before its enaetment[?] The conclusion that a particular rule operates “retroactively” comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event.
Landgraf, 511 U.S. at 270, 114 S.Ct. at 1499, 128 L.Ed.2d 229.
Mr. Silvio does not allege that the state engaged in an intentional, wrongful revocation that might trigger arguments of notice of possible legal consequences by wrongful intent. In December of 1992, the state pursued what it believed to be valid grounds for revocation. At the time the parole was deemed revoked or the time the revocation decision was handed down, the state had no notice of the existence of an action against it for damages. Under these facts, the statute in question imposes “new legal consequences to events completed before its enactment.” Id. Therefore, the amendment cannot be applied to *294 this case. For application of the amendment not to be impermissibly retrospective, the wrongful revocation must post date the effective date of the amendment.
For these reasons, we affirm the judgment of the district court. The cost, of the appeal is assessed to plaintiff, James F. Silvio, Jr.
AFFIRMED.
PETTIGREW, J., concurs and assigns reasons.
GUIDRY, J., concurs in the result.